## THE ROSALIE MAHONEY.

### (Circuit Court of Appeals, Fifth Circuit. April 9, 1918.)

#### No. 3219.

1. SALVAGE ⊙=31—FIRE.

> An award of $5,000 in favor of vessels which extinguished a fire on a steamship loaded with creosoted ties, and assisted in pumping out the ship, which had been sunk to put out the fire, *held*, under the circumstances, sufficient.

2. SALVAGE ⊙=26—AWARD.

> Where neither of the vessels which extinguished a fire on a steamship were equipped with hose of sufficient size to make efficient use of other fire-fighting apparatus on hand, the award in favor of such vessels cannot be enhanced, on the ground of encouraging salvors to keep themselves in readiness to render prompt and efficient service in putting out fires, whenever occasion for rendering such services may be presented.

Appeal from the District Court of the United States for the Southern District of Florida; Rydon M. Call, Judge.

Libel by Maurice Bowden and others against the steamship Rosalie Mahoney and cargo, etc., claimed by Walter E. Donovan, master of the vessel and bailee of her cargo, etc. From the decree (248 Fed. 965), awarding $5,000 as salvage, libelants appeal. Affirmed.

George C. Bedell, Lawrence R. Milton, N. P. Bryan, and D. H. Doig, all of Jacksonville, Fla., for appellants.

E. J. L'Engle, of Jacksonville, Fla., and T. Catesby Jones, of New York City (Harrington, Bigham & Englar, of New York City, on the brief), for appellees.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. This is an appeal by salvors from a decree in their favor, the complaint being that the amount awarded was insufficient. The service rendered was to the steamship Rosalie Mahoney, which was on fire in the port of Jacksonville. We do not understand that it is contended that the award was insufficient on the facts found by the court. With one exception, the court's findings of fact are not questioned. That exception is a finding to the effect that

the sinking of the vessel was unnecessary, as the fire was then virtually out, and was the cause of additional loss to the owners. Based upon this finding, the service rendered in pumping out the vessel, with the result of getting it again afloat, was excluded from consideration in making the award.

[1] The vessel was loaded with creosoted ties, some in its hold and some on deck. The evidence indicated that the fire started above deck in the ship's superstructure. After all fire above deck was put out, or under complete control, but while considerable smoke was still coming from the hold, a hole was made in the side of the vessel, then located in shallow water, and water was thus let into the hold, causing the vessel to sink until it rested on the bottom. The deck floor and some space below it remained above water, so that the vessel could be refloated by pumping out the water. The evidence does not indicate that the sinking of the vessel caused substantial damage to the vessel or cargo. Though the evidence be regarded as calling for the conclusion that the sinking was a proper precaution to insure against further danger from fire in the hold, or, at the worst, was such a mistake or error of judgment in the means selected to effect the salvage as should not be regarded as misconduct by the salvors, and did not justify the exclusion from consideration in fixing the award of the service rendered in pumping out the vessel, yet the evidence as a whole is not such as to convince us that the amount awarded was insufficient. On the contrary, we think the evidence fully supports the conclusion that the amount allowed, $5,000, covered liberal compensation for the service rendered, and in addition a reward which in amount was a suitable one, in view of all the circumstances of the case.

[2] We think the opinion rendered by the District Judge makes further discussion of the evidence unnecessary. The owner of neither of the vessels engaged in the service is in a position to support a claim that there should be an enhancement of the award, on the ground of encouraging salvors who keep themselves in readiness to render prompt and efficient service in putting out fires whenever occasion for rendering such service may be presented. When the fire started, neither of the vessels had on hand hose of such size as was required to make efficient use of the other fire-fighting equipment which was on hand, and the fire made considerable headway before such hose was obtained. A special reward for exercising the foresight and making the outlay required to be ready to fight fires on vessels cannot well be claimed by one who was not ready when the opportunity of putting out a fire was presented.

The decree is affirmed.